**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.  10-23827-CIV-ALTONAGA/SIMONTON**

**MILE APARTMENTS CONDOMINIUM,**
**INC.,**

      **Plaintiff,**

**v.**

**ASPEN SPECIALTY INSURANCE**
**COMPANY,**

      **Defendant.**

_____/

**ORDER ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY, DISCLOSURES**
**AND FOR SANCTIONS**

      Presently pending before the Court is Plaintiff's Motion to Compel, Discovery, Disclosures and for Sanctions (DE # 25).  The motion is referred to the undersigned Magistrate Judge (DE # 15).

      In the Motion to Compel, the Plaintiff alleged that it had yet to receive any response to its discovery requests, which were served on Defendant on March 17, 2011. Plaintiff additionally alleged that Defendant had failed to provide initial Rule 26 Disclosures, which were due on April 19, 2011, and Expert Witness Disclosures, which were due on June, 17, 2011, pursuant to the District Court's Order Setting Trial and Pretrial Schedule Requiring Mediation and Referring Certain Motions to Magistrate (DE # 15).  Plaintiff additionally sought sanctions under Federal Rule of Civil Procedure 37, claiming that it was "severely prejudiced" by Defendant's failure to provide Rule 26 Disclosures and its failure to honor discovery obligations (DE # 25).  Plaintiff sought to exclude from trial "all individuals and documents that Defendant should have disclosed in support of its claims and defenses" pursuant to Rule 26(a), and additionally sought reasonable expenses incurred by the Plaintiff resulting from Defendant's noncompliance

(DE # 25).

Although time for the Defendant to respond to the Plaintiff's motion had not yet elapsed, due to the Plaintiff's allegation that the Defendant had totally failed to respond to any discovery requests, the undersigned held a hearing on the Motion on June 28, 2011.  At the hearing, four attorneys were present, including Plaintiff's counsel (Mr. Duarte), Defendant's present counsel (Mr. Germain), and two of Defendant's former counsel (Mr. Vazquez on behalf of himself, and Mr. Ureta on behalf of Alvarez, Sambol and Winthrop, P.A.).  Although Defendant's present counsel, Mr. Germaine, appeared pursuant to a notice of appearance (DE # 27), no notice of withdrawal had been filed by Alvarez, Sambol and Winthrop, P.A., or by Mr. Vazquez.  Defendant's present and former counsel acknowledged that Defendant had failed to respond to Plaintiff's discovery requests and the Court ordered disclosures.

Defendant's present counsel, Mr. Germaine, explained that he had not received the Defendant's case file from Alvarez, Sambol and Winthrop, P.A., and had therefore been unable to comply with the Defendant's discovery requests and the Court ordered disclosures.  Defendant's prior counsel, Mr. Vazquez, stated that he had recently been terminated from Alvarez, Sambol and Winthrop, P.A., and had no access to the case file, which was at the firm's office.  Mr. Ureta, on behalf of the Alvarez, Sambol and Winthrop, P.A., stated that he had the subject case file in his possession and would provide its contents to Mr. Germain via electronic transmission, and would additionally mail the file via FedEx.

Federal Rule of Civil Procedure 37(a), Motion for an Order Compelling Disclosure or Discovery, provides:

(1) *In General*. On notice to other parties and all affected persons, a party may

move for an order compelling disclosure or discovery.
...
(3) *Specific Motions*
       (A) *To Compel Disclosure.* If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions.
       (B) *To Compel a Discovery Response.* A party seeking discovery may move for an order compelling an answer, designation, production, or inspection ... if:
              ...
              (iii) a party fails to answer an interrogatory submitted under Rule 33; or;
              (iv) a party fails to respond that inspection will be permitted– or fails to permit inspection – as requested under Rule 34.

Additionally, Federal Rule of Civil Procedure 37(b)(2), Failure to Comply with a

Court Order, provides:

(2) Sanctions in the District Where the Action is Pending.

       (A) For Not Obeying a Discovery Order.  If a party...fails to obey an order to provide or permit discovery...the court where the action is pending may issue further just orders. They may include the following:

       ...
       (C) *Payment of Expenses.* Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, include attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Based upon the Defendant's admission, through its present and former counsel,

it is clear that the Defendant failed to comply with its discovery obligations.  Therefore,

as ruled at the hearing, the undersigned hereby orders that Defendant shall respond to

Plaintiff's First Set of Interrogatories and Plaintiff's First Request for Production of

Documents on or before July 12, 2011.  Defendant is additionally ordered to provide its

Rule 26 Disclosures and its Disclosure of Expert Witnesses on or before July 12, 2011.

In addition, for the following reasons, the undersigned finds that Plaintiff is

entitled to reasonable attorney's fees resulting from Defendant's discovery abuses, but

expressly withholds any judgment on whether Plaintiff has been prejudiced.

Aspen should have complied with its discovery obligations but failed to do so. The facts surrounding Aspen's failure to comply show that this failure was not substantially justified.  Alvarez, Sambol and Winthrop, P.A. and Mr. Germain could have coordinated a transfer of the case file at an earlier date.  Thus, Plaintiff was indeed required to undergo unnecessary expenses as a result of Aspen's unjustified discovery violations and a monetary sanction is proper, pursuant to Federal Rule of Civil Procedure 37(b)(2)(C).

Therefore, as ordered at the hearing, the Defendant shall pay the Plaintiff for 1.5 hours of legal work at $300 per hour, the reasonable expenses for Plaintiff's time spent on its motion to compel and the corresponding telephonic hearing.  At the hearing, Mr. Ureta agreed that the sanction would be paid by Alvarez, Sambol and Winthrop, P.A., as the failure to comply with discovery obligations did not result from any action taken by Aspen.  Accordingly, Alvarez, Sambol and Winthrop, P.A. shall pay the Plaintiff $450.00 on or before July 12, 2011.

However, as stated at the hearing, the Court denies without prejudice the Plaintiff's Motion for Sanctions with respect to the requested remedy of exclusion of all information and witnesses that the Defendant failed to disclose pursuant to Rule 26. Until the delinquent discovery is provided, the Court cannot determine the prejudice suffered as a result of the untimely disclosures and whether the requested sanctions are appropriate. Therefore, it is hereby

ORDERED AND ADJUDGED that Plaintiff's Motion to Compel Discovery, Disclosures, and For Sanctions (DE # 25) is granted in part and denied in part, as

4

follows:

The Defendant shall provide its Rule 26 Disclosures, and its Expert Witness Disclosures, and shall respond to Plaintiff's Request for Production and Interrogatories on or before July 12, 2011.

Defendant's former counsel, Alvarez, Sambol and Winthrop, P.A., shall pay the Plaintiff $450.00 for its reasonable costs incurred in filing the motion to compel, on or before July 12, 2011.

**DONE AND ORDERED** in chambers in Miami, Florida on July 7, 2011.

_Andrea M. Simonton_

**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:
The Honorable Cecilia Altonaga,
   United States District Judge
All counsel of record

5